JULIUS ULLMAN et al., Respondents, *v.* C. C. WORMER MACHINERY COMPANY, Appellant.

Sale — contract — evidence, in action for purchase price of goods alleged to have been sold by plaintiffs to defendant, examined, and held, that title to property was never vested in defendant and that plaintiffs cannot recover.

Plaintiffs sold a machine to be shipped to defendant in another city. A controversy arose as to the manner of delivery and payment and defendant notified plaintiffs that it would return draft on it for the purchase price. Plaintiffs then telegraphed defendant: "Your letter received, accept your refusal, have sold planer already, let draft go back," and subsequently confirmed the telegram by letter, to which defendant replied: "The draft was returned yesterday. * * * We would not accept the machinery at any price on account of existing conditions." *Held,* that the contract of sale was rescinded by mutual consent, that the title to the machine never vested in the defendant, and hence plaintiffs' complaint in an action brought to recover the purchase price should have been dismissed.

*Ullman* v. *Wormer Machinery Co.,* 147 App. Div. 919, reversed.

(Argued December 8, 1913; decided December 19, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered December 6, 1911, affirming a judgment in favor of plaintiffs entered upon a verdict.

This action was brought to recover the purchase price of one iron plate planer and splitting shear alleged to have been sold and delivered by the plaintiffs to the defendant and for certain freight, cartage and storage charges thereon.

The further material facts are stated in the opinion.

*Edward W. Hamilton* and *Allan N. MacNabb* for appellant. The court erred in denying the defendant's motion for a dismissal of the complaint made when the plaintiffs rested and repeated at the close of the evidence. (*Morris* v. *Rexford*, 18 N. Y. 552; *Graves* v. *White*, 87 N. Y. 463; *Terry* v. *Munger*, 121 N. Y. 161; *Pryor* v. *Foster*, 130 N. Y. 171; *Conrow* v. *Little*, 115 N. Y. 387; *Dwight* v. *Ger. L. Ins. Co.*, 103 N. Y. 341; *White* v. *Hoyt*, 73 N. Y. 505; *Springsteen* v. *Samson*, 32 N. Y. 703; *Humphrey* v. *N. Y., L. E. & W. Ry. Co.*, 121 N. Y. 435; *Muldoon* v. *Deline*, 135 N. Y. 150; *McShane* v. *Padian*, 142 N. Y. 207; *Armstrong* v. *Lake Champlain Granite Co.*, 147 N. Y. 495.)

*Walter W. Chamberlain* and *Eugene M. Bartlett* for respondents.

CHASE, J. There is no controversy about the allegation that the defendant contracted in March, 1903, to purchase one planer and splitting shear of the plaintiffs, to be loaded on a car at Buffalo at the price of $612.50. There is a controversy as to whether the machine was to be shipped in the plaintiffs' or defendant's name, and as to the manner of payment. For the purposes of this opinion it will be assumed that the plaintiffs' version of the contract is true and fully established, namely, that the plaintiffs were to place the machine on a car at the city of Buffalo, to be transported to themselves at the city of Detroit, subject, however, to delivery to the defendant at

Detroit upon its production of the bill of lading, and also that the bill of lading would be forwarded to Detroit with a sight draft, for the purchase price of the machine, attached, upon payment of which the bill of lading would be delivered to the defendant.

A representative of the defendant borrowed of the plaintiffs twenty dollars on the day when the contract was made. On the same day that the machine was shipped, March 19, 1903, the defendant sent from Detroit to the plaintiffs a check for the twenty dollars that had been borrowed. On the day that the machine was shipped the plaintiffs wrote the defendant saying that they had made a draft upon it for $632.50, thereby including the twenty dollars loaned, and they expressed in the letter the hope that the draft would be honored and that the machine would be received in good order. On the following day the plaintiffs received the check for twenty dollars and immediately returned it to the defendant, saying in a letter that they had included it in the draft and expressed therein sorrow for having done so. On March 20th the defendant received the plaintiffs' letter notifying it of the draft, and it immediately replied by letter, in which it said: "Your draft of the 19th for $632.50 with bill of lading attached will be returned. * * * We should like to know why you shipped this machinery to your own address. If you have no confidence in our fulfilling any agreement that may be made the sooner we part company the better. * * * When we receive the machinery and find the planer in condition that you represent we will send you a check, otherwise the articles are here subject to your order. * * *"

The plaintiffs immediately on receipt of this letter and on March 21, telegraphed the defendant, as follows: "Your letter received, accept your refusal, have sold planer already, let draft go back."

At the time of sending the telegram the plaintiffs wrote the defendant acknowledging the receipt of its letter and

stating that they had sent a telegram, quoting it, and in the letter further say: "I sold you the machinery sight draft with bill of lading attached and I am glad you refused to pay the draft as I have sold the planer already at a good profit and have given the railroad company shipping instructions for the car machinery. Had you filled your contract I should have turned the parties over to you and you could have sold the machine at a handsome profit. * * * Anyhow we will part company now as you suggest in your letter. * * * Please send me the twenty dollar check I returned."

To this letter the defendant replied, referring to the letter and to the telegram quoting it, and in the letter further said: "The draft was returned yesterday, we notified you. Under the circumstances we return the check for twenty dollars which you loaned the writer. We would not accept the machinery at any price on account of existing conditions. * * *"

Over seven years after this transaction the plaintiffs brought this action and the court acquired jurisdiction by attaching certain property of the defendant then in the city of Buffalo. The defendant appeared in the action and upon the trial the telegram and letters from which we have quoted were all received in evidence before the close of the plaintiffs' testimony, and the defendant moved for a dismissal of the complaint " on the ground that it appears affirmatively from the testimony introduced by the plaintiffs that the contract of sale on which this suit was brought by the plaintiffs was rescinded by mutual consent of the parties, and that there is insufficient evidence on that ground to warrant a finding on the part of the jury for the plaintiffs." The motion was denied and an exception taken by the defendant. At the close of the case the motion was renewed and denied, and an exception taken, the court saying that it would leave to the jury the question as to what the contract was, and as to whether the parties mutually

released each other from it. The question was again raised by requests to charge which were refused. The jury found a verdict for the plaintiffs of $250. A motion was made for a new trial and the trial court reduced the verdict to $152.26, presumably to cover the amount expended by the plaintiffs for freight and cartage, with interest thereon. An appeal from the judgment entered upon the verdict as so reduced was taken to the Appellate Division, where the judgment was affirmed by a divided court, two of the justices dissenting on the ground that the contract had been wholly rescinded, and that there was no right to recover anything on account thereof.

All of the evidence as to the transaction after the verbal contract, pursuant to which the machine was shipped, was in writing. The plaintiffs at the trial asserted that the statement in the telegram and letter sent by them to the defendant to the effect that the machine had been sold was not true, and one of the plaintiffs, in answer to questions on his cross-examination, testified that the statement in such telegram and letter was "bluff," and that he thought at the time by making the statement that the defendant might "come and pay for them (the machine) before I let them go back. * * * I thought if I told them I had sold the machine they would be anxious to take them." Again, referring to the letter and his statement therein that he had already sold the planer at a good profit, he testified: "It was a business lie that I sold the planer at a good profit." If the contract was unqualifiedly rescinded it is immaterial whether the machine had been sold as stated in the telegram and letter.

The title to the machine never vested in the defendant. In contradiction of the plaintiffs' claim in the complaint, one of the plaintiffs as a witness when asked on cross-examination why he did not tell the defendant to send the machine back, said: "I did not tell him to send the stuff

back; they could not send it back because they did not own it."

In answer to another question, he testified: "They did not send the machinery back. I had it sent back from the railroad. They could not send it back; they did not own it."

It is not necessary to discuss the question as to the rescission of the contract at length. The letter of the defendant to the plaintiffs of March 20th was an unconditional refusal to take the machine except in the manner specified in its letter. Such refusal to take the machine was unqualifiedly accepted by the telegram of the plaintiffs and their letter written in express confirmation of such telegram. The further letter of the defendant returning the check of twenty dollars, as requested by the plaintiffs, fully and unqualifiedly accepted the rescission of the contract. By mutual consent the transaction was closed. There was nothing affecting the rescission of the contract for the jury to decide. The contract having been unqualifiedly rescinded the complaint should have been dismissed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment reversed, etc.